NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-3062
_____

JOHN HARGRAVE,
                                          Appellant

v.

CHARLES RAMSEY; CITY OF PHILADELPHIA
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(E.D. Pa. No. 2-15-cv-00201)
District Judge: Honorable Gerald A. McHugh
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
April 6, 2017

Before:  CHAGARES, SCIRICA and FISHER, *Circuit Judges*.

(Filed: May 9, 2017)
_____

OPINION[*]
_____

FISHER, *Circuit Judge*.

John Hargrave was discharged from his position as a Philadelphia police officer in

2012.  He sued the City of Philadelphia and its then-Police Commissioner, Charles

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7
does not constitute binding precedent.

Ramsey, arguing that his termination was unconstitutional. The District Court rejected Hargrave's claims. We will affirm.

I

The Philadelphia Police Department has a policy under which officers are subject to dismissal if they engage in any action that constitutes a felony or misdemeanor that carries a potential sentence of more than one year of incarceration. Neither a criminal conviction nor a pending criminal proceeding is necessary to initiate disciplinary action. In 2012, Hargrave was arrested and charged with offenses relating to an incident of domestic violence involving his wife. The Department separately charged Hargrave with conduct unbecoming of a police officer and dismissed him from the force. Two years later, following a trial in the Philadelphia Court of Common Pleas, a jury found Hargrave not guilty of all charges related to the incident. Hargrave sought reinstatement, but an arbitrator rejected the request.

On January 16, 2015, Hargrave filed a complaint in the District Court for the Eastern District of Pennsylvania challenging the constitutionality of his dismissal. The complaint named the City and Commissioner Ramsey as defendants. It alleged four counts: (1) race discrimination in violation of the Equal Protection Clause of the Fourteenth Amendment; (2) retaliation for speech protected by the First Amendment; (3) municipal liability under *Monell v. New York City Department of Social Services*;[1] and

---

[1] 436 U.S. 658 (1978).

(4) race discrimination in violation of the Pennsylvania Constitution's equal protection guarantee. Defendants moved for dismissal under Federal Rule of Civil Procedure 12(b)(6) on all but Hargrave's federal equal protection claim. On May 20, 2015, the District Court dismissed the First Amendment retaliation count without prejudice, declined to dismiss the *Monell* count, and dismissed the Pennsylvania equal protection count with prejudice. Hargrave did not replead his First Amendment retaliation claim. Defendants thereafter moved for summary judgment on Hargrave's federal equal protection and *Monell* claims. In opposing defendants' motion, Hargrave filed a Rule 56(d) affidavit asserting the need for additional discovery. The District Court granted defendants' motion on June 8, 2016. This appeal followed.

## II

The District Court had jurisdiction under 28 U.S.C. §§ 1331 and 1343. We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over both the District Court's grant of summary judgment and its dismissal under Rule 12(b)(6).[2] We review for abuse of discretion the District Court's refusal to reopen discovery upon presentation of a Rule 56(d) affidavit.[3]

## III

---

[2] *EEOC v. Allstate Ins. Co.*, 778 F.3d 444, 448 (3d Cir. 2015) (summary judgment); *Flora v. Cty. of Luzerne*, 776 F.3d 169, 174 n.7 (3d Cir. 2015) (Rule 12(b)(6) dismissal).

[3] *Murphy v. Millennium Radio Grp., LLC*, 650 F.3d 295, 310 (3d Cir. 2011).

3

Hargrave raises three arguments on appeal.  First, he contends that the District Court erroneously granted defendants summary judgment on his federal equal protection claim.  Second, he says that the District Court abused its discretion by not granting him more discovery to counter defendants' summary judgment motion.  And third, he submits that the District Court should not have dismissed his First Amendment retaliation claim.

A

Hargrave, who is black, claims that the Department selectively enforced its reinstatement policy against him because of his race.  To establish a selective enforcement claim, Hargrave must show "(1) that he was treated differently from other similarly situated individuals, and (2) that this selective treatment was based on an unjustifiable standard, such as race, or religion, or some other arbitrary factor, or to prevent the exercise of a fundamental right."[4]   "Persons are similarly situated under the Equal Protection Clause when they are alike 'in all relevant aspects.'"[5]  Hargrave also bears the burden of proving "the existence of purposeful discrimination."[6]

We agree with the District Court that Hargrave failed make his case on both elements.  Hargrave produced no evidence of similarly situated white police officers who committed domestic assault (or engaged in other conduct warranting termination) but

---

[4] *Dique v. N.J. State Police*, 603 F.3d 181, 184 n.5 (3d Cir. 2010) (ellipsis omitted) (quoting *Hill v. City of Scranton*, 411 F.3d 118, 125 (3d Cir. 2005)).

[5] *Startzell v. City of Philadelphia*, 533 F.3d 183, 203 (3d Cir. 2008) (quoting *Nordlinger v. Hahn*, 505 U.S. 1, 10 (1992)).

[6] *Blunt v. Lower Merion Sch. Dist.*, 767 F.3d 247, 273 (3d Cir. 2014) (quoting *Andrews v. City of Philadelphia*, 895 F.3d 1469, 1478 (3d Cir. 1990)).

were not dismissed from the police department and denied reinstatement.  Absent such comparator evidence, Hargrave's claim fails at the starting gate.  We likewise agree with the District Court that Hargrave failed to prove intentional discrimination by the City and Ramsey.  The District Court saw no such evidence in the record, and neither do we.  Summary judgment on Hargrave's equal protection claim was appropriate.

B

Hargrave next contends that the District Court abused its discretion by declining to grant additional discovery after he filed a Rule 56(d) affidavit in opposition to defendants' motion for summary judgment.  This Court has interpreted Rule 56(d) to require "a party seeking further discovery in response to a summary judgment motion to submit an affidavit specifying, for example, what particular information is sought; how, if uncovered, it would preclude summary judgment; and why it has not previously been obtained."[7]  Altogether missing from Hargrave's affidavit is any explanation about how and why the information he sought could not have been obtained during discovery.  The District Court did not abuse its discretion.

C

Finally, Hargrave argues that the District Court should not have dismissed his First Amendment retaliation claim.  To establish such a claim, a public employee like Hargrave "must show that his speech is protected by the First Amendment and that the

---

[7] *Pennsylvania, Dep't of Pub. Welfare v. Sebelius*, 674 F.3d 139, 157 (3d Cir. 2012) (brackets and internal quotation marks omitted).

speech was a substantial or motivating factor in what is alleged to be the employer's retaliatory action."[8]  A public employee's statement is protected by the First Amendment when, *inter alia*, "the employee spoke as a citizen when making the statement" and "the statement involved a matter of public concern."[9]  Hargrave's complaint contains nothing more than conclusory references to prior speech in "opposition to racial discrimination and/or misuse of the criminal and disciplinary system."[10]  Such threadbare statements are insufficient to state a plausible claim.  Especially after Hargrave declined the District Court's invitation to amend his complaint, we will not now permit him a third bite at the apple.

IV

For the forgoing reasons, we will affirm the judgment of the District Court.

---

[8] *Flora*, 776 F.3d at 174.
[9] *Id.* at 175 (internal quotation marks omitted).
[10] Compl. ¶ 51, J.A. 42.